# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

XYZ CORPORATION,

                **Plaintiff,**

v.

THE UNINCORPORATED ASSOCIATIONS
IDENTIFIED IN SCHEDULE A,

                **Defendants.**

Civil Action No.  23-673

## VERIFIED COMPLAINT

Plaintiff ███████████ ("Plaintiff" or ██████), by counsel, alleges as follows for its Verified Complaint against the Defendant Unincorporated Associations identified in Schedule A (collectively "Defendants").[1]

## NATURE OF THE SUIT

1.      This is a civil action for trademark infringement, trademark counterfeiting, and false designation of origin under the Lanham Act, 15 U.S.C. §§ 1114, 1125(a), and patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 101, *et seq.*, including 35 U.S.C. § 271.

---

[1] As set forth in Plaintiff's Motion to Seal and for the reasons set forth in its *Ex Parte* Motion for Temporary Restraining Order, temporarily sealing the names of the Defendants is necessary to prevent the Defendants from learning of these proceedings prior to the execution of the Temporary Restraining Order, and the likelihood that Defendants would transfer all funds out of U.S.-based accounts upon receiving notice of this action.

2.     Plaintiff files this action to combat online counterfeiters who trade upon its world-renowned reputation by selling unauthorized and unlicensed counterfeit ▮▮▮▮ devices (the "Counterfeit ▮▮▮▮ Devices") using counterfeit versions of Plaintiff's federally registered trademarks and infringing Plaintiff's patents.

3.     Defendants create hundreds of online product listings and design them to appear as though they are selling genuine ▮▮▮-manufactured devices, while instead selling Counterfeit ▮▮▮ Devices to unknowing consumers. Defendants attempt to avoid liability by concealing their identities and the full scope and interworking of their counterfeiting operations. Plaintiff is thus forced to file this action to combat Defendants' unauthorized use of its registered trademarks and patents, as well as to protect unknowing consumers from purchasing ▮▮▮▮▮▮▮ and inferior Counterfeit ▮▮▮ Devices. Plaintiff has been, and continues to be, irreparably damaged through infringement and tarnishment of its valuable trademarks and patents as a result of Defendants' willful actions, and seeks injunctive and monetary relief.

**JURISDICTION AND VENUE**

4.     This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051, *et seq*. and the patent laws of the United States, 35 U.S.C. § 100, *et seq.*, pursuant to 28 U.S.C. § 1338(a)-(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1121.

5.     Plaintiff's claims against Defendants for counterfeiting, trademark infringement, false designation of origin, and patent infringement are based on Defendants' misuse of Plaintiff's trademarks and patents to market and sell Counterfeit ▮▮▮ Devices to consumers in this District, and the use of instrumentalities in the District to promote and sell Counterfeit ▮▮▮ Devices including through use of online marketplaces, such as eBay, Wish, and AliExpress.

6.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants since each of the Defendants directly targets business activities toward consumers in the United States, including Virginia and this District, through at least the Online Marketplace Accounts/Internet Stores identified in Schedule A attached hereto (collectively, the "Defendant Internet Stores"). Specifically, Defendants are seeking to do business with this District's residents by operating one or more commercial Defendant Internet Stores through which Virginia residents are misled to purchase counterfeit products that infringe ███'s trademarks and patents. Each of the Defendants has targeted sales to Virginia residents by operating online stores that offer shipping to the United States, including Virginia and this District, and accepting payment in U.S. dollars. Plaintiff confirmed that Defendants ship their Counterfeit ███ Devices to this District by requesting shipping information from each of the Defendants' Internet Stores. Each of the Defendants is committing tortious acts in Virginia, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Virginia.

## PARTIES

### The Plaintiff

7.     Plaintiff is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at ██████████████████████████████.

8.     Plaintiff specializes in the innovation, development, and sale of equipment ███ ████████████████████████ in the United States. ███ and its affiliates developed proprietary technology that ████████████████████████████████████ ████████████████████████████████████ ████████████████████████████

3

9.    The first such device that ████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████████

10.   ███████████████████████████████████

███████████████████████████████████████████████

█ ██ ███ ██ █ ██ ███ ██ ███ ███ ██

████████████████████

11.   ███████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

█ ███ ██ ███ ██ ███ █ ███ ██ ███ █

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

12.   ███████████████████████████████████

██ ██ ██ ██ ██ ██ ██ ██ ██ ██ ██ ██

███████████████████████████████████████████████

██████████████████████████████████████████████████████

████████

    13.    ████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████

    14.    ███████████████████████████ that feature this technology with various

trademarks, including the following federally registered trademarks, collectively referred to as the

███████████████████

███████████████████

| Registration No. | Mark | Reg. Date | Date of First Use in Commerce | Relevant Goods/Services |
|---|---|---|---|---|
| ▬▬▬ | ▬▬▬▬ | ▬▬▬▬ ▬▬ | ▬▬ | ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ |
| | | | | ▬▬▬▬▬▬▬▬▬▬▬▬▬▬ |
| | | | | ▬▬▬▬▬▬▬▬▬▬▬▬▬▬ |
| | | | | ▬▬▬▬▬▬▬▬▬▬▬▬▬▬ |
| | | | | ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ |
| | | | | ▬▬▬▬▬▬▬▬▬▬▬▬▬ |
| | | | | ▬▬▬▬▬▬▬▬▬▬▬▬▬▬ |
| | | | | ▬▬▬▬▬▬▬▬▬▬▬▬ |
| | | | | ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ |
| | | | | ▬▬▬▬▬▬▬▬▬▬▬▬▬ |
| | | | | ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ |
| | | | | ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ |
| | | | | ▬▬▬▬▬▬▬▬▬▬▬▬▬▬ |
| | | | | ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ |
| | | | | ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ |
| | | | | ▬▬▬▬▬▬▬▬▬▬▬ |
| | | | | ▬▬▬▬▬▬▬▬▬▬▬ |
| | | | | ▬▬▬▬▬▬▬▬▬▬▬▬▬▬ |
| | | | | ▬▬▬▬▬▬▬▬▬▬▬▬▬ |
| | | | | ▬▬▬▬▬▬▬▬▬▬▬▬ |
| | | | | ▬▬▬▬▬▬▬▬▬▬▬▬▬ |
| | | | | ▬▬▬▬▬▬▬▬▬▬▬▬▬▬ |
| | | | | ▬▬▬▬▬▬▬▬▬▬▬ |
| | | | | ▬▬▬ |

| Registration No. | Mark | Reg. Date | Date of First Use in Commerce | Relevant Goods/Services |
|---|---|---|---|---|
| ▬▬ | ▬▬▬▬▬ ▬▬ | ▬▬▬▬ ▬▬ | ▬▬▬▬▬▬ ▬▬ | ▬▬▬▬▬▬▬▬▬▬▬ |

| | | | | |
|---|---|---|---|---|
| | | | | |

| Registration No. | Mark | Reg. Date | Date of First Use in Commerce | Relevant Goods/Services |
|---|---|---|---|---|
| ▬▬ | ▬▬ | ▬▬ ▬ | ▬ | ▬▬▬▬▬▬▬▬ |
| | | | | ▬▬▬▬▬▬▬▬ |
| | | | | ▬▬▬▬▬▬▬ |
| | | | | ▬▬▬▬▬▬ |
| | | | | ▬▬▬▬▬▬▬ |
| | | | | ▬▬▬▬▬▬▬ |
| | | | | ▬▬▬▬▬▬▬▬ |
| | | | | ▬▬▬▬▬▬ |
| | | | | ▬▬▬▬▬▬▬▬ |
| | | | | ▬▬▬▬▬▬▬ |
| | | | | ▬▬▬▬▬▬▬ |
| | | | | ▬▬▬▬▬▬▬▬ |
| | | | | ▬▬▬▬▬▬▬ |
| | | | | ▬▬▬▬▬ |
| | | | | ▬▬▬▬▬▬▬▬ |
| | | | | ▬▬▬▬▬▬ |
| | | | | ▬▬▬▬▬ |
| | | | | ▬▬▬▬▬ |
| | | | | ▬▬▬▬▬▬ |
| | | | | ▬▬▬▬▬▬▬▬ |
| | | | | ▬▬▬▬▬ |
| | | | | ▬▬▬▬▬▬▬ |
| | | | | ▬▬▬▬▬▬▬ |
| | | | | ▬▬▬▬▬ |
| | | | | ▬▬▬▬▬▬ |
| | | | | ▬▬▬▬▬▬▬▬ |
| | | | | ▬▬▬▬▬▬ |
| | | | | ▬▬▬ |
| | | | | ▬▬▬▬▬ |
| | | | | ▬▬▬▬▬▬ |

| Registration No. | Mark | Reg. Date | Date of First Use in Commerce | Relevant Goods/Services |
|---|---|---|---|---|
| ███ | ████ | ███ ██ | ██ | ████████ ███████ ████████ ██████ ██████████ ████████████ ████████████ ████████████ ███████████ █████████ ████████ ████████████ ██████████ █████████ ████████ ██████████ ████████████ ███████████ ███████████ █████████████ █████████ ████████████ ██████ |

15.     Plaintiff has continuously and exclusively used the ███ Trademarks and has never abandoned them. The ███ trademarks are validly registered in the United States and are in full force and effect. True and correct "status" copies of these registrations, obtained from the Trademark Status Document Retrieval (TSDR) database of the United States Patent and Trademark Office are attached hereto as **Exhibits 2-9**. The registrations constitute *prima facie* evidence of the validity of the ███ Trademarks and of ███'s exclusive right to use the ███ Trademarks pursuant to 15 U.S.C. § 1057(b).

16.     The ▮▮ trademarks perform an important source-identifying function for ▮▮▮'s ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. The ▮▮▮ Trademarks signify to purchasers that the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. The ▮▮ Trademarks are inherently distinctive and are associated with ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ that have acquired considerable brand loyalty through ▮▮▮'s sales and promotion, and direct word-of-mouth promotion by consumers. In addition, ▮▮▮ has expended significant time, money, and resources in developing, marketing, advertising, promoting, and selling its products and services under its trademarks, including the ▮▮▮ Trademarks, in the United States. The market reputation and consumer goodwill associated with the ▮▮▮ Trademarks are of significant value to ▮▮.

17.     ▮▮'s brand reputation under the ▮▮▮ trademarks as a market success is a by-product of its technological innovations over the past several decades. ▮▮▮ continues to implement these innovations today. ▮▮▮ has protected its investment into its innovations and its brand with the following patents, which are listed on its website ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮

18.     ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

19.     ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

**The Defendants**

20.      Defendants are individuals and business entities who, upon information and belief, reside  in China, and elsewhere outside the United States. Defendants conduct business throughout the United States, including within the State of Virginia and this Judicial District, through the operation of online marketplaces, such as eBay, Wish, and AliExpress. Each Defendant targets the United States, including Virginia, and has offered to sell and continues to offer to sell Counterfeit ███ Devices to consumers within the United States, including the State of Virginia and this District.

21.      On information and belief, Defendants knowingly and willfully manufacture, import, distribute, offer for sale, and sell counterfeit products using the ███ Trademarks in the same transaction, occurrence, or series of transactions or occurrences. Defendants each use similar or the same pictures and descriptions of the Counterfeit ███ Devices in their online marketplaces.

22.      Defendants use various tactics to conceal their identities and the full scope of their counterfeiting operation making it virtually impossible for Plaintiff to learn Defendants' true identities and the exact interworking of their counterfeit network. In the event that Defendants provide additional credible information regarding their identities, Plaintiff will take appropriate steps to amend the Complaint.

## DEFENDANTS' UNLAWFUL CONDUCT

23.      Unfortunately, the success of ███ has resulted in significant counterfeiting of its ███. Consequently, Plaintiff has instituted a worldwide anti-counterfeiting program designed

to regularly investigate suspicious websites and online marketplace listings identified in proactive Internet sweeps and reported by consumers. Despite Plaintiff's enforcement efforts online and on the ground, Defendants have persisted in creating the Defendant Internet Stores. Internet websites like the Defendant Internet Stores are estimated to receive tens of millions of visits per year and generate nearly $500 billion in global online sales annually.[2] According to an intellectual property rights seizures statistics report issued by Homeland Security, the manufacturer's suggested retail price (MSRP) of goods seized by the U.S. government in fiscal year 2021 was over $3.3 billion.[3] Internet websites like the Defendant Internet Stores are also estimated to contribute to tens of thousands of lost jobs for legitimate businesses and broader economic damages such as lost tax revenue every year.

24.     Recently, Plaintiff became aware of Defendants' online sales of the Counterfeit ███Devices, and strongly suspected such goods were counterfeit. Defendants were selling these counterfeit goods at substantially lower prices than the genuine ███ devices. Plaintiff reviewed offerings from each of the Defendant Internet Stores to determine their authenticity. Copies of the counterfeit product offerings from the Defendant Internet Stores on eBay, Wish, and AliExpress are attached as **Exhibits 12, 13,** and **14** respectively. This review led to the determination that the products offered by the Defendant Internet Stores were, in fact, Counterfeit ███Devices. Furthermore, ████████████████████████████████

---

[2] *See* Rachel Jones, "The Impact Of Fakes And How To Combat Them" February 8, 2022, https://www.forbes.com/sites/forbesbusinesscouncil/2022/02/08/the-impact-of-fakes-and-how-to-combat-them/ (last accessed May 3, 2023).

[3] *See* Homeland Security, "Intellectual Property Rights Seizure Statistics: Fiscal Year 2021" September 29, 2022, https://www.cbp.gov/document/annual-report/fy-2021-ipr-seizure-statistics.

█████████████████. ████████████████████████████████

████████████████████████████████████████████████

25.     On information and belief, Defendants reside in China and utilize Defendant Internet Stores to sell Counterfeit ███ Devices. Plaintiff discovered the Defendants by filtering the results on the seller platforms to include results for Defendants that were based in China.

26.     On information and belief, Defendants act in concert to make and distribute the Counterfeit ███ Devices to the United States. These tactics include similar pricing structures, similar descriptions and images of the Counterfeit ███ Devices, and similar payment methods.

27.     Defendants offered to ship the goods into this Judicial District. Images of the shipping page from each of the Defendant Internet Stores are attached as **Exhibits 15-17**.

28.      Plaintiff has inspected the product offerings by Defendants and has determined that they are counterfeit. Defendants' product listings for the Counterfeit ███ Devices all use the ███ Trademarks and/or confusingly similar marks, such as ████████████████████████

████████████████████

29.     On information and belief, Defendants actively encourage, promote, distribute, provide instructions for, and support the use the Counterfeit ███ Devices by its customers in a manner that directly infringes, either literally or under the doctrine of equivalents, at least one of the ███ Patents, as specified in Schedule A.

30.     On information and belief, the Counterfeit ███ Devices that infringe the ███ patent (the "Counterfeit ████████ Devices") all use the same or substantially the same technology as the ███ patent. The product listings for the Counterfeit ████████ Devices use identical or substantively identical language, photographs, and other promotional material to describe the underlying technology for each of the Counterfeit ████████ Devices.

31.     On information and belief, the Counterfeit ███████ Devices include or perform each and every limitation of at least one claim of the ███ patent, either literally or under the doctrine of equivalents. By making, offering to sell, selling, and/or importing into the United States the Counterfeit ██████████ Devices, Defendants have directly infringed, and continue to directly infringe, literally or by the doctrine of equivalents, one or more claims of the ███ patent under 35 U.S.C. § 271(a).

32.     On information and belief, Defendants actively encourage, promote, distribute, provide instruction for, and support the use of the Counterfeit ██████████ Devices by their customers in a manner that directly infringes, either literally or under the doctrine of equivalents, one or more claims of the ███ patent under 35 U.S.C. § 271(b), knowing and intending that Defendants' customers will commit acts in such a manner as to directly infringe the ███patent.

33.     On information and belief, the Counterfeit ███Devices that infringe the ███ patent (the "Counterfeit ████████Devices") all use the same or substantially the same technology as the ███ patent. The product listings for the Counterfeit █████████Devices use identical or substantively identical language, photographs, and other promotional material to describe the underlying technology for each of the Counterfeit ████████ Devices.

34.     On information and belief, the Counterfeit █████████Devices include or perform each and every limitation of at least one claim of the ███ patent, either literally or under the doctrine of equivalents. By making, offering to sell, selling, and/or importing into the United States the Counterfeit ████████ Devices, Defendants have directly infringed, and continue to directly infringe, literally or by the doctrine of equivalents, one or more claims of the ███ patent under 35 U.S.C. § 271(a).

35. On information and belief, Defendants actively encourage, promote, distribute, provide instruction for, and support the use of the Counterfeit ███████ Devices by their customers in a manner that directly infringes, either literally or under the doctrine of equivalents, one or more claims of the ███ patents under 35 U.S.C. § 271(b), knowing and intending that Defendants' customers will commit acts in such a manner as to directly infringe the ███ patent.

36. Defendants design the Defendant Internet Stores so that they appear to unknowing consumers to be legitimate entities selling genuine ████ devices. Defendants perpetuate the illusion of legitimacy by purporting to offer "customer service" and using indicia of authenticity and security that consumers have come to associate with authorized retailers, including the Visa®, MasterCard®, and/or PayPal® logos. Plaintiff has not licensed or authorized Defendants to use any of the ████ Trademarks, and none of the Defendants are authorized retailers of genuine ████ devices. For example, the ██████████ product listing contains the following image, in an effort to legitimize its counterfeit devices:



37.     Defendants also deceive unknowing consumers by using the ██ Trademarks and confusingly similar marks without authorization within the content of their seller listings in order to attract consumers searching for genuine ██ devices. On information and belief, Defendants show the ██ Trademarks in product images while using strategic item titles and descriptions that will trigger their listings when consumers are searching for genuine ██ devices.

38.     Further, on information and belief, Defendants have gone to great lengths to conceal their identities and often use multiple fictitious names, business names, and addresses to register and operate their network of Defendant Internet Stores. And so far, these actions have been successful because, despite Plaintiff's good faith attempts to identify Defendants, Plaintiff is unable to reliably determine any of the Defendants' identities. On information and belief, Defendants regularly create new online marketplace accounts on various platforms using the identities listed in Schedule A to the Complaint, as well as other unknown fictitious names and addresses. For example, many of the Defendants operate under non-distinct names like

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████ within their product listing. Such Defendant Internet Store registration patterns are one of many common tactics used by the Defendants to conceal their identities, the full scope and interworking of their counterfeiting operation, and to avoid being shut down.

39.     Furthermore, the information Defendants provide to consumers is often inaccurate and untraceable. For example, as part of Plaintiff's enforcement efforts, it received correspondence from a U.S. consumer that purchased a Counterfeit ██ Device from Defendant ██████. See

**Exhibit 18**. The consumer informed Plaintiff that ███████ name was ███████, his email address was ███████████████ his phone number was ███████████ and that the device was shipped from an address in ███████. Plaintiff retained a private investigator to learn the true identity of ███████, but the results of the private investigation revealed that the listed email address and phone number were inactive, and that the ███████ address was not connected with a ███████. The private investigation did not reveal any other identifying information regarding Defendant ███████.

40.    In addition to operating under multiple fictitious names, Defendants in this case and defendants in other similar cases against online counterfeiters use a variety of other common tactics to evade enforcement efforts. For example, counterfeiters like Defendants will often register new online marketplace accounts under new aliases once they receive notice of a lawsuit. Counterfeiters also typically ship products in small quantities via international mail to minimize detection by U.S. Customs and Border Protection.

41.    E-commerce store operators like Defendants are in constant communication with each other and regularly participate in QQ.com chat rooms and through websites such as sellerdefense.cn, kaidianyo.com, and kuajingvs.com regarding tactics for operating multiple accounts, evading detection, pending litigation, and potential new lawsuits.

42.    Further, counterfeiters such as Defendants typically operate multiple credit card merchant accounts, PayPal accounts, and Alipay accounts behind layers of payment gateways so that they can continue operation in spite of Plaintiff's enforcement efforts. On information and belief, Defendants maintain offshore bank accounts and regularly move funds from their accounts to offshore bank accounts outside the jurisdiction of this Court.

43. Defendants, without any authorization or license from Plaintiff, have knowingly and willfully used and continue to use the ▮▮▮ Trademarks in connection with the advertisement, distribution, offering for sale, and sale of Counterfeit ▮▮▮ Devices that infringe the ▮▮▮ Patents into the United States, and Virginia, over the Internet. The Defendant Internet Stores offer shipping to the United States, including Virginia.

44. Defendants' use of the ▮▮▮ Trademarks in connection with the advertising, distribution, offering for sale, and sale of Counterfeit ▮▮▮ Devices that infringe the ▮▮▮ Patents, including the offering for sale of Counterfeit ▮▮▮ Devices in the United States, including Virginia, is likely to cause and has caused confusion, mistake, and deception by and among consumers and is irreparably harming Plaintiff.

## JOINDER IS APPROPRIATE

45. Joinder is appropriate because, on information and belief, Defendants' sale of Counterfeit ▮▮▮ Devices gives rise to a plausible expectation that discovery will reveal that Defendants' actions all arise from the same transaction, occurrence, or series of transactions or occurrences. Specifically, on information and belief, Defendants are actively participating in a conspiracy to distribute and sell Counterfeit ▮▮▮ Devices. For example, Defendants, on information and belief, are working together to manufacture, arrange the manufacture of, and/or sell and otherwise distribute the Counterfeit ▮▮▮ Devices.

46. As part of Plaintiffs' enforcement efforts, it has obtained multiple counterfeit devices that were originally sold from various sellers located in China. At least three of these devices, were sold by one of the Defendants identified in Schedule A. On information and belief, all of these devices were manufactured by the same source. Despite the devices originating from different sellers and differing in appearance, these ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮ *See* **Exhibit 19** (photographs of various devices obtained by Plaintiff that resemble

those sold by Defendants ███████████████████████). On information and belief, there is no business reason for █████████████████████████████████████████ █████████████ Further, Plaintiff sells its devices with a ███████████████████ ███████████████ Many of the devices that Plaintiff obtained display ████████████ █████████████████████████████████. See *Id.*

47.     It is also well recognized that China-based counterfeiters typically work in a conspiracy to achieve larger market shares and faster production. For example, a Forbes article explained that "the whole [Chinese counterfeiting] system is cooperative, based on the concept of *gongban*, which roughly translates to a public bowl. Meaning, people want to share… [s]o people are starting to share and that turns out to drive the whole industry to move so fast."[4]

48.     In this case, Defendants sell the Counterfeit ███ Devices using the same Internet platforms, such as eBay, Wish, and AliExpress. The Defendant Internet Stores also describe the Counterfeit ███ Devices using similar descriptions and pictures.

## COUNT I - TRADEMARK INFRINGEMENT AND COUNTERFEITING (15 U.S.C. § 1114)

49.     Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 48.

50.     This is a trademark infringement action against Defendants based on their unauthorized use in commerce of the ███ Trademarks in connection with the sale, offering for

---

[4] Wade Shepard, "Amazon and Ebay Opened Pandora's Box Of Chinese Counterfeits And Now Don't Know What To Do," Oct 28, 2017, https://www.forbes.com/sites/wadeshepard/2017/10/28/amazon-and-ebay-opened-pandoras-box-of-chinese-counterfeits-and-now-dont-know-what-to-do/#24b855c46a25 (last accessed November 13, 2019).

sale, distribution, and/or advertising of counterfeit and infringing goods. The ▮ Trademarks are distinctive marks.

51.     Defendants have sold, offered to sell, marketed, distributed, and/or advertised, and are still selling, offering to sell, marketing, distributing, and advertising products using counterfeit reproductions of the ▮ Trademarks without Plaintiff's permission.

52.     Plaintiff is the exclusive licensee of the ▮ Trademarks. The United States registrations for the ▮ Trademarks (**Exhibits 2-9**) are in full force and effect. Upon information and belief, Defendants have knowledge of ▮'s rights in their Trademarks, and are willfully infringing and intentionally using unauthorized versions of the ▮ Trademarks. Defendants' willful, intentional, and unauthorized use of the ▮ Trademarks is likely to cause, and is causing, confusion, mistake, and deception as to the origin and quality of the Counterfeit ▮ Devices among the general public.

53.     Defendants' activities constitute willful trademark infringement and counterfeiting under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

54.     Plaintiff has no adequate remedy at law and if Defendants' actions are not enjoined, Plaintiff will continue to suffer irreparable harm to their reputations and the goodwill of the ▮ Trademarks.

55.     The injuries and damages sustained by Plaintiff have been directly and proximately caused by Defendants' wrongful reproduction, use, advertisement, promotion, offering to sell, and sale of Counterfeit ▮ Devices.

<u>**COUNT II- FALSE DESIGNATION OF ORIGIN**</u>
<u>**(15 U.S.C. § 1125(a))**</u>

56.     Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 55.

57. Defendants' promotion, marketing, offering for sale, and sale of Counterfeit █████ Devices has created, and is creating, a likelihood of confusion, mistake, and deception among the general public as to the affiliation, connection, or association with Plaintiff or the origin, sponsorship, or approval of Defendants' Counterfei█ █████ Devices by Plaintiff.

58. By using the █████ Trademarks on the Counterfeit █████ Devices, Defendants create a false designation of origin and a misleading representation of fact as to the origin and sponsorship of the Counterfeit █████ Devices.

59. Defendants' false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the Counterfeit █████ Devices to the general public involves the use of the █████ Trademarks and is a willful violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

60. Plaintiff has no adequate remedy at law and, if Defendants' actions are not enjoined, Plaintiff will continue to suffer irreparable harm to its reputations and the associated goodwill of the █████ Trademarks.

### COUNT III - INFRINGEMENT OF U.S. PATENT NO. █████████
### (35 U.S.C. § 271)

61. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 60.

62. The █████ patent is directed towards ███████████████████████████ ██████████████████████████ Exemplary Claim 1 of the patent recites:

██████████████████████████████████████████████████████

████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████

23

63. Defendants, as specified in column 5 of Schedule A, have induced infringement and continue to induce direct infringement, literally or under the doctrine of equivalents, of at least claim 1 of the ███ patent by making, using, offering to sell, selling, or importing the Counterfeit ████████ Devices in the United States and by encouraging, promoting, and instructing customers to use at least these devices in a manner that directly infringes at least claim 1 of the ███ patent.

64. Defendants have and continue to encourage, promote, and instruct customers to perform the preamble of claim 1 of the ████ patent, which recites ████████████████ ██████████████████████████████" The product listing pages for the Counterfeit ████████ Devices encourage, promote, or instruct customers to use the devices in a manner that ██████████████████████████████████ For example, many of the product listings incorporate the following image, or a similar variation thereof, that promotes the use of the Counterfeit ████████ Device in a manner that ████████████████ ████████████████



65. Defendants have and continue to encourage, promote, and instruct customers to perform the claimed step of ████████████████████████████████████████ ███████████████████████████████████████████████████████████████ ████████████████████████████" On information and belief, the Counterfeit ██████ Devices include at least ████████████████████████████████████. The product listing pages for the Counterfeit ████████████Devices indicate that the Counterfeit ████████

Devices include at least █████████████████████████████████████████████
███████████████

66.     Defendants have and continue to encourage, promote, and instruct customers to perform the claimed step of ███████████████████████████████████████████████████ ███████████████████████████████████████████████ The product listing pages for the Counterfeit ████████████ Devices represent that the devices come ██████████████ ███████████████████████████████████████████████ Ex. 12-14.

67.     Defendants have and continue to encourage, promote, and instruct customers to perform the claimed step of ███████████████████████████████████████████████████ ████████████████████████████.” On information and belief, the Counterfeit ████████████ Devices include████████████████████████████████████████████████████████████ ████████████████████ The product listings for the Counterfeit ████████████ Devices, for example, reference████████████████████████████████████████████████████████████ █████████████████████████████████████████████████████████████████████████ ██████████████

68.     Defendants have and continue to encourage, promote, and instruct customers to perform the claimed step of █████████████████████████ ███ ██████████ ███ ██████████ ████████On information and belief, the Counterfeit ████████████Devices ██████████████ ████████████████████████████████████████████

69.     Defendants have and continue to encourage, promote, and instruct customers to perform the claimed step ███████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████ The product listings of the Counterfeit ████████████ Devices promote and advertise the Counterfeit

███████ Devices ability to generate ████████████████████████████████████

████████████████

70.     Defendants have induced infringement and continue to induce direct infringement, literally or under the doctrine of equivalents, of at least claim 1 of the ███ patent by making, using, offering to sell, selling, or importing at least the Counterfeit ████████ Devices in the United States and by encouraging customers to use at least the Counterfeit ███ Devices in a manner that directly infringes at least claim 1 of the ███ patent. On information and belief, Defendants were aware of the ███ patent since before the filing of the Complaint. On information and belief, Defendants knew that the Counterfeit ████████ Devices are designed for a use that infringes one or more claims of the ███ patent, and the Counterfeit ████████ Devices lack substantial non-infringing use. On information and belief, Defendants have, and will continue to, intentionally encourage acts of direct infringement with knowledge of the ███ patent and knowledge that its acts are encouraging infringement.

71.     Defendants' indirect infringement of the ███ patent has been, and continues to be, willful. On information and belief, Defendants have been aware of the ███ patent before the filing of this Complaint and have infringed the ███ patent willfully and deliberately and with such knowledge that such conduct violates 35 U.S.C. § 271.

72.     Defendants' indirect infringement of the ███ patent has damaged, and continues to damage, ███ in an amount yet to be determined, of at least a reasonable royalty and/or lost profits that ███ would have made but for Defendants' infringing acts as provided by 35 U.S.C. § 284.

73.     ███ will suffer irreparable harm unless Defendants are enjoined from infringing the ███ patent.

## COUNT IV- INFRINGEMENT OF U.S. PATENT NO. ███████
### (35 U.S.C. § 271)

74.     Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 73.

75.     The ███ patent is directed towards a device for producing a time-varying magnetic field for treatment. Exemplary Claim 1 of the ███ patent recites:

███████████████████

███████████████████████████████████

██████████████████████████████████

████████████████████████████████████

███████████████████████████████████

████████████████████████████████████

██████████████████████████████

████████████████████████████████████

██████████████████████████████

████████████████████████

█████████████████████████████████████

███████████████

76.     The Counterfeit ███████ Devices include or perform each and every limitation of at least claim 1 of the ███ patent, either literally or under the doctrine of equivalents.

77.     Defendants, as specified in column five of Schedule A, have and continue to directly infringe, literally or under the doctrine of equivalents, at least claim 1 of the ███ patent by making, using, offering to sell, selling, or importing the Counterfeit ███████ Devices in the United States.

78. Defendants have induced infringement and continue to induce direct infringement, literally or under the doctrine of equivalents, of at least claim 1 of the ███ patent, by encouraging, promoting, and instructing customers to use the Counterfeit ███████ Devices in a manner that directly infringes at least claim 1 of the ███ patent.

79. Defendants have and continue to encourage, promote, and instruct customers to perform the preamble of claim 1 of the ███ patent, which recites ██████████████████████ The product listings for the Counterfeit ███████ Devices encourage, promote, or instruct customers to use the ████████████████████.

80. Defendants have and continue to encourage, promote, and instruct customers to perform the claimed step of ████████████████████████████████████████████████████████████████████████████████████████ ███" The product listings for the Counterfeit ███████ Devices indicate that the ██████████████████████████████ On information and belief, a reasonable opportunity for further investigation or discovery will show that the Counterfeit ███████ Devices ████████████████████████████████████████████

81. Defendants have and continue to encourage, promote, and instruct customers to perform the claimed step of ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ On information and belief, the Counterfeit ███████ Devices ████████████████████████████████████████ The product listings for the Counterfeit ███████ Devices, for

example █████████████████████████████████████████████████████████

████████████████

82.     Defendants have and continue to encourage, promote, and instruct customers to perform the claimed step of ' ███████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████." On information and belief, the Counterfeit ██████████ Devices ███████████████████████████ ███████████████████████████████████████████ The product listings for the Counterfeit ██████ Devices ████████████████████████████████████████████████████

83.     Defendants have and continue to encourage, promote, and instruct customers to perform the claimed step of ████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ On information and belief, the Counterfeit ████████ Devices include ████████████████ ██████████████████████████████████████████████████████ For example, many of the product listings incorporate the following image, or a similar variation thereof, that █████████████████████████████████████████████████████████████████

████████████



84.     Defendants have induced infringement and continue to induce direct infringement, literally or under the doctrine of equivalents, of at least claim 1 of the ▬ patent by making, using, offering to sell, selling, or importing at least the Counterfeit ▬ Devices in the United States and by encouraging customers to use the Counterfeit ▬ Devices in a manner that directly infringes at least claim 1 of the ▬ patent. On information and belief, Defendants were aware of the ▬ patent since before the filing of this Complaint. On information and belief, Defendants have known that the Counterfeit ▬ Devices are designed for a use that infringes one or more claims of the ▬ patent, and the Counterfeit ▬ Devices lack a substantial non-infringing use. On information and belief, Defendants have, and will continue to, intentionally encourage acts of direct infringement with knowledge of the ▬ patent and knowledge that its acts are encouraging infringement.

85.     Defendants' indirect infringement of the ▬ patent has been, and continues to be, willful. On information and belief, Defendants have been aware of the ▬ patent before the filing

of this Complaint and have infringed the ▮▮▮patent willfully and deliberately and with knowledge that such conduct violates 35 U.S.C. § 271.

86.     Defendants' indirect infringement of the ▮▮▮ patent has damaged, and continues to damage, ▮▮▮in an amount yet to be determined, of at least a reasonable royalty and/or lost profits that ▮▮▮ would have made but for Defendants' infringing acts as provided by 35 U.S.C. § 284.

87.     ▮▮▮ will suffer irreparable harm unless Defendants are enjoined from infringing the '295 patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests entry of judgment against Defendants as follows:

A.      That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

    a.  using the ▮▮▮Trademarks or any reproductions, counterfeit copies, or colorable imitations thereof, in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine ▮▮▮device or is not authorized by Plaintiff to be sold in connection with the ▮▮▮ Trademarks;

    b.  passing off, inducing, or enabling others to sell or pass off any device as a genuine ▮▮▮ device or any other product produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the ▮▮▮ Trademarks;

    c.  shipping, delivering, holding for sale, distributing, returning, transferring, storing, making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use any products that infringe upon Plaintiff's Patents;

d. aiding, abetting, contributing to, or otherwise assisting anyone in infringing upon Plaintiff's Patents;

e. effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions;

f. committing any acts calculated to cause consumers to believe that Defendants' Counterfeit ▆▆ Devices are those sold under the authorization, control or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

g. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of the ▆▆ Trademarks, or any reproductions, copies, or colorable imitations thereof, or infringe any of the ▆▆ Patents; and

h. further infringing the ▆▆ Trademarks, the ▆▆ Patents, and damaging Plaintiff's goodwill.

B. Entry of an Order that, upon Plaintiff's request, those in privity with Defendants and those with notice of the injunction, including, without limitation, any online marketplace platforms such as eBay, AliExpress, Wish, Amazon, web hosts, sponsored search engine or ad-word providers, credit cards, banks, merchant account providers, third-party processors and other payment processing service providers, Internet search engines such as Google, Bing, and Yahoo (collectively, the "Third Party Providers") shall:

a. disable and cease providing services being used by Defendants, currently or in the future, to engage in the sale of goods using the █████ Trademarks; and

b. disable and cease displaying any advertisements used by, or associated with, Defendants in connection with the sale of counterfeit and infringing goods using the ███ Trademarks.

C. That Defendants account for, and pay to Plaintiff, all profits realized by Defendants by reason of Defendants' unlawful acts herein alleged, and that the amount of damages for infringement of the ███ Trademarks be increased by a sum not exceeding three times the amount thereof as provided by 15 U.S.C. § 1117.

D. In the alternative, that Plaintiff be awarded statutory damages for willful trademark counterfeiting pursuant to 15 U.S.C. § 1117(c)(2) of $2,000,000 for each and every use of the ███ Trademarks.

E. That Defendants have infringed one or more of the claims of the ███ Patents in violation of 35 U.S.C. § 271(b)-(c).

F. That Plaintiff be awarded damages for Defendants' infringements of the ███ Patents. 35 U.S.C. § 284.

G. That Plaintiff be awarded their reasonable attorneys' fees and costs.

H. Award any and all other relief that this Court deems just and proper.

Date: May 23, 2023

Respectfully submitted,

/s/ Monica Riva Talley
Monica Riva Talley (VSB No. 41840)
Nicholas J. Nowak (*pro hac pending*)
STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.
1100 New York Ave., NW, Suite 600
Washington, DC 20005-3934
Telephone No.: (202) 371-2600
Facsimile No.: (202) 371-2540
mtalley@sternekessler.com
nnowak@sternekessler.com
*Attorneys for Plaintiff*

## VERIFICATION OF COMPLAINT

I declare, under penalty of perjury of the laws of the United States that:

I am employed by ███████████████ and I have read, am familiar with, and have personal knowledge of the contents of the foregoing Verified Complaint; and that the allegations thereof are true and correct or, to the extent that matters are not within my personal knowledge, that the facts stated therein have been assembled by authorized personnel, including counsel, and that I am informed that the facts stated therein are true and correct.

Executed on May 19, 2023.

/s/ ███████████ _____

███████

General Counsel

████████████████