UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

XYZ CORPORATION,

    Plaintiff,

v.

THE UNINCORPORATED ASSOCIATIONS
IDENTIFIED IN SCHEDULE A,

    Defendants.

Civil Action No. 23-673

**PLAINTIFF'S SUPPLEMENTAL BRIEF IN SUPPORT OF *EX PARTE* MOTION TO EXTEND THE TEMPORARY RESTRAINING ORDER**

Plaintiff XYZ Corporation submits this supplemental brief in support of its *Ex Parte* Motion to Extend the Temporary Restraining Order ("TRO") [ECF 59] filed on July 6, 2023.

Motions to extend TROs in other cases filed in this District have been granted after the TRO has expired.[1] *See, e.g., Volkswagen Group of America, Inc., v. The Unincorporated Ass'ns Identified in Schedule A*, C.A. 1:20-cv-01437-LO-JFA, ECF 53 (E.D. Va Feb. 25, 2021) (granting motion to extend a TRO that had expired 2 days prior); *Juul Labs, Inc. v. The Unicorporated Ass'ns Identified in Schedule A*, C.A. 1:18-cv-01382-CMH-TCB, ECF 38 (E.D. Va Dec. 3, 2018) (granting motion to extend a TRO that had expired three days prior); *Ontel Products Corp. v. The Unincorporated Ass'ns Identified in Schedule A*, C.A. 1:20-cv-01124-LO-

---

[1] Plaintiff's Motion was filed the day the TRO was set to expire. In good faith, and given Plaintiff's counsel's previous experience, Plaintiff believed that filing the motion on the day the TRO was set to expire was sufficient.

TCB, ECF 31 (E.D. Va Oct. 16, 2020) (granting motion to extend a TRO that had expired two days prior). Moreover, a Court may successively extend a temporary restraining order beyond the time limits afforded by Federal Rule of Civil Procedure 65(b). *See, e.g., Sampson v. Murray*, 415 U.S. 61, 87–88 (1974); *Levine v. Comcoa Ltd.*, 70 F.3d 1191 (11th Cir. 1995), cert. denied, 519 U.S. 809 (1996); *Pan Am. World Airways, Inc. v. Flight Engineers' Intern. Ass'n, PAA Chapter, AFL-CIO*, 306 F.2d 840, 6 Fed. R. Serv. 2d 1183 (2d Cir. 1962); *In re Criminal Contempt Proceedings Against Crawford*, 133 F. Supp. 2d 249 (W.D. N.Y. 2001).

Here, good cause exists for continuing to extend the temporary restraining order since the parties subject to the terms of the TRO have yet to comply with it, none of the Defendants' accounts have yet to be frozen, and the circumstances under which the original TRO was granted remain the same.

On June 8, 2023, Plaintiff came before the Court on a hearing regarding its Motion for a TRO. In the motion, Plaintiff requested that the Court grant a temporary restraining order to prevent Defendants from removing assets to accounts outside this Court's jurisdiction. The Court granted Plaintiff's motion and issued a TRO on the same day [ECF 43]. Since the TRO issued, Plaintiff has been diligently working to seize the accounts belonging to Defendants by serving the TRO on the seller platforms, eBay, Wish, and AliExpress, and the payment platforms, PayPal and Alipay. *See* Supplemental Declaration of Monica Riva Talley ("Suppl. Talley Decl.") at ¶¶ 4–25.

However, these platforms have their own protocols regarding temporary restraining orders that have impeded Plaintiff's ability to implement the TRO. *Id.* at ¶¶ 8, 9, and 19. For example, in order to comply with the terms of the TRO, AliExpress has requested that Plaintiff first prepare detailed spreadsheets with information related to each Defendant and their

infringing activity. *Id.* at ¶ 19. Similarly, PayPal has requested certain information pertaining to Defendants that Plaintiff needed to first obtain from eBay and Wish through the expedited discovery that this Court allowed Plaintiff to serve. *Id.* at ¶ 8. Neither eBay nor Wish immediately complied with providing the requested information, initially refusing to respond to the discovery pending notification of Plaintiff's identity. *Id.* at ¶ 11. Due to the protocols of the payment platforms, and the delays encountered by Plaintiff in obtaining the requested discovery regarding Defendants' accounts, the assets that are subject to the restraining order have yet to be restrained. *Id.* at ¶ 25. In short, through no fault of Plaintiff, the parties subject to the TRO have yet to implement its terms even though the original time limit as noted by the Court on the TRO has run.

As a result, without an extension of the TRO, at least until such time as the Plaintiff is able to move this Court to convert the TRO into a preliminary injunction, Plaintiff is assured of suffering the same irreparable harm that the original TRO was intended to prevent. *See In re Criminal Contempt*, 133 F. Supp. 2d at 261 (concluding that extension of the TRO beyond its expiration was warranted because the same threat of irreparable harm to the plaintiff that existed at the time the TRO was issued still existed until such time as the preliminary injunction motion could be resolved). Accordingly, Plaintiff submits that the Court has the authority to extend the TRO, that it is in the interest of justice to do so, and that precedent in this district exists for granting extensions to TROs after they have expired. There are currently no restraints placed upon Defendants' accounts. To terminate the TRO before these asset restraints take effect would frustrate the purpose of the TRO.

In light of the above, Plaintiff respectfully requests that the TRO be extended until such time as it is able to move this Court to convert the TRO into a preliminary injunction or, in the alternative, for a period of at least fourteen (14) additional days until July 20, 2023.[2]

Date: July 11, 2023

Respectfully submitted,

/s/ Monica Riva Talley
Monica Riva Talley (VSB No. 41840)
Nicholas J. Nowak (*pro hac vice*)
STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.
1100 New York Ave., NW
Washington, DC 20005
Telephone No.: (202) 371-2600
Facsimile No.: (202) 371-2540
mtalley@sternekessler.com
nnowak@sternekessler.com

*Attorneys for Plaintiff XYZ Corporation*

---

[2] If the TRO is extended only until July 20, 2023, an additional extension may be necessary under the circumstances. If so, Plaintiff will file an early additional motion to extend the TRO to give the Court sufficient time to consider it along with an update on the status of its implementation. Plaintiff also plans to file a motion to convert the TRO into a preliminary injunction at the very earliest possible opportunity once Defendants' assets have been restrained pursuant to the TRO and Defendants have been served with the Complaint and Summons.