

555 12th Street, N.W., Suite 1200
Washington, D.C. 20004-1275 U.S.A.
(202) 289-1313
Fax (202) 289-1330

www.btlaw.com

Dennis M. Fitzpatrick
(202) 408-6918
Dennis.Fitzpatrick@btlaw.com

June 29, 2023

**Via Hand Delivery**

Hon. John F. Anderson
United States District Court
Eastern District of Virginia
Albert V. Bryan U.S. Courthouse
401 Courthouse Square
Alexandria, VA  22314

Re: XYZ Corporation v. The Unincorporated Associations Identified in Schedule A
Case No. 1:23-cv-00673-PTG-JFA

Dear Judge Anderson:

We represent ContextLogic, Inc. ("ContextLogic") in various matters. ContextLogic hosts the Wish online trading platform. As such, it is identified, from time to time, as a non-party subject to expedited discovery and other obligations in lawsuits brought against merchants who have traded on the Wish trading platform and who have been accused of offering counterfeit goods. One such case, *XYZ Corporation v. The Unincorporated Associations Identified in Schedule A*, Case No. 1:23-cv-00673-PTG-JFA, is pending in this Court.[1]

Although ContextLogic will comply with the obligations imposed under the Court's discovery Order in a timely manner, ContextLogic wishes to (1) bring relevant authority to the Court's attention on the sealing issue currently under advisement by this Court and (2) offer its objection to Plaintiff's use of pseudonyms to conceal the identity of the parties and the heavily redacted submission of its complaint absent sufficient justification.[2] Plaintiff has filed its lawsuit

---

[1] On June 8, 2023, Judge Giles entered an Order (Dkt. 43), authorizing Plaintiff to seek expedited discovery from non-parties, including ContextLogic. ContextLogic is prepared to respond to Plaintiff's discovery request in a timely manner, subject to agreement on the treatment of confidential information sought through that expedited discovery, which includes defendant bank account information.

[2] ContextLogic is not in a position to argue as to whether the evidence Plaintiff has submitted to the Court in this case meets the "exceptional circumstances" standard – much of that evidence has been filed under seal. Rather, it asks the Court to consider the authority cited above in determining whether the Plaintiff in this matter may proceed under a pseudonym.

under a pseudonym, and has filed a Motion to Seal (Dkt. 2) for leave to do so. That motion is pending. Plaintiff has declined to disclose to ContextLogic the identity of the Plaintiff or of the intellectual property allegedly being infringed, even on a confidential basis. It has offered, as a compromise, to disclose this information to outside counsel but continues to object to disclosure of the identity of the Plaintiff to any in-house personnel of ContextLogic.

In its Memorandum in Support of Motion to File Under Seal, Plaintiff cites *Ashcraft v. Conoco, Inc.*, 218 F.3d 282, 288 (4th Cir. 2000)); for the procedural steps that must precede a Courts sealing decision, to wit, the Court may seal document if it "(1) gives[s] public notice of the request to seal and allow[s] interested parties a reasonable opportunity to object, (2) consider[s] less drastic alternatives to sealing the documents, and (3) provide[s] specific reasons and factual findings supporting its decision to seal the documents and for rejecting alternatives." *Id.*

ContextLogic, as a member of the public and as a non-party burdened by expedited response to discovery in this matter without sufficient understanding of the nature of the case, is an "interested party." *Id.* As such, ContextLogic writes to express its objection to plaintiffs such as Plaintiff in this matter seeking to proceed without identifying the Plaintiff publicly. ContextLogic notes the strict requirements set out in Local Rule 5 for the filing of pleadings and papers under seal or under a pseudonym, including the ability of the Court to "require the filer or the person designating material as confidential to present further argument why certain materials should remain under seal." Accordingly, and for the reasons stated herein, we respectfully ask the Court to Order Plaintiff to offer further justification for the extraordinary relief of sealing and use of pseudonyms. Absent further justification, Plaintiff's argument for sealing is too general and speculative and should be denied.

Fed. R. Civ. P. 10(a) specifically states that "the title of the complaint must name all the parties[.] ...". As an Illinois district court noted: "This requirement is not merely about good clerical practices: the Seventh Circuit has 'repeatedly voiced [its] disfavor of parties proceeding anonymously, as anonymous litigation runs contrary to the right of the public to have open judicial proceedings and to know who is using court facilities and procedures funded by public taxes.'" *XYZ Corporation v. The Partnerships and Unincorporated Associations Identified on Schedule A*, No. 21-cv-06471, 2022 WL 180151 at *1 (N.D. Ill. 1/20/2022).

Plaintiff acknowledges that trial courts have discretion to allow plaintiffs to proceed under a pseudonym only "in exceptional circumstances" (Dkt. 4 at 5), the same standard that is applied in the Seventh Circuit. 2022 WL at 180151 at *2. (Attached at A.) ContextLogic does not dispute this to be the standard. However, it submits that a generalized claim that a defendant accused of counterfeiting might use the identity of the plaintiff to moot certain relief sought by the plaintiff does not present the "exceptional circumstances" needed to support a motion to proceed under a pseudonym. As the Illinois district court noted in the case mentioned above, numerous cases such as the pending case are filed with the plaintiff identified. "To permit pseudonymity/anonymity here, while other Schedule A plaintiffs proceed under their actual names, would threaten to allow the exception of 'exceptional circumstances' to swallow the general rule barring pseudonymity."

Hon. John F. Anderson
June 29, 2023
Page 3

2022 WL 180151 at *2. Consequently, that court denied plaintiff's motion to proceed under a pseudonym.

We attach to this letter a copy of the case cited above, as well as a copy of *XYZ Corporation v. The Partnerships and Unincorporated Associations Identified on Schedule "A"*, No. 20-cv-6610, 2020 WL 6681360 (N.D. Ill. 2020) (Attached at B), and a minute entry in *ABC Corporation v. The Partnerships and Unincorporated Associations Identified on Schedule "A"*, Case No. 1:20-cv-03738 (N.D. Ill. 6/29/2020) (Attached at C), warning plaintiff's counsel that future complaints filed under a pseudonym would be stricken. These rulings were entered in a district in which dozens of alleged counterfeiting cases such as the case before this Court have been filed. The substantial majority infringement litigations in which ContextLogic has been involved as a non-party were filed in this district. ContextLogic submits that this authority, from the Northern District of Illinois, is more representative of the law concerning cases such as the present case than the authority cited by Plaintiff in its memorandum.

Very truly yours,

/s/

Dwight Lueck
11 S. Meridian Street
Indianapolis, IN 46204-3535

Dennis M. Fitzpatrick
555 12th Street, N.W., Suite 1200
Washington, DC 20004-1275

DMF/tu
Encl.
cc: Nicholas John Nowak (via email, w/encl.)
     Monica Riva Talley (via email, w/encl.)

**BARNES & THORNBURG** LLP