UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| **XYZ CORPORATION,**<br><br>　　　　**Plaintiff,**<br><br>v.<br><br>**THE UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE A,**<br><br>　　　　**Defendants.** | Civil Action No. 1:23-cv-00673-PTG-JFA |

**PLAINTIFF'S BRIEF IN RESPONSE TO THE COURT'S ORDER DATED JULY 3, 2023 REGARDING MAINTAINING THE FILINGS IN THIS CASE UNDER SEAL**

Plaintiff XYZ Corporation submits this brief in response to the Court's July 3, 2023 Order requesting that Plaintiff indicate whether it is still necessary to keep the filings of this case under seal and whether an amended complaint without redactions should be filed. In short, the case should remain under seal at this time as the temporary restraining order ("TRO") has not yet been implemented, and it is necessary to prevent Plaintiff from suffering irreparable harm.

On May 23, 2023, Plaintiff filed a Motion for Leave to File Under Seal And/Or Redacted Documents and Temporarily Proceed Under a Pseudonym for Good Cause ("Motion to Seal"). *See* ECF 2. On the same date, Plaintiff filed a Motion for TRO to restrain assets held by Defendants in various financial accounts. *See* ECF 23. In Plaintiff's Memorandum in Support of the Motion to Seal, Plaintiff explained that certain documents and portions of the complaint needed to be filed under seal to prevent Defendants from learning of this litigation and removing assets beyond this Court's jurisdiction before the TRO was entered and implemented. *See* ECF 4.

To proceed otherwise would likely lead to the destruction of relevant documentary evidence as well as the hiding and/or transferring assets outside the jurisdiction of this Court, which would frustrate the underlying law and interfere with this Court's power to grant relief.

The Court granted Plaintiff's Motion for TRO on June 8, 2022, and Plaintiff has been working diligently to ensure that the relevant parties implement the TRO to restrain Defendants' assets. However, to date, the TRO has not been implemented and if Defendants were to discover this litigation through its unsealing, the same concerns regarding destruction of evidence and removal of assets beyond this Court's jurisdiction would arise.

In determining whether to seal a document, courts look to whether "competing interests outweigh the interest in access." *U.S. ex rel Carter v. Halliburton Co.*, No. 1:10CV864 JCC/TCB, 2011 WL 2077799, at *1 (E.D.Va. May 24, 2011). Courts frequently seal documents in trademark counterfeiting and infringement cases to preclude the defendant from learning of the case until its assets can be restrained or seized. *See, e.g., Chanel, Inc. v. Bestbuyhandbag.com*, No, 14-62191-CIV, 2014 WL 7185382, at *4 (S.D. Fla. Dec. 16, 2014) (court filed TRO under seal and directed PayPal to restrain defendant's funds); *Klipsch Grp., Inc. v. Big Box Store Ltd.*, No. 12 CIV. 6283 AJN, 2012 WL 5265727, at *1 (S.D.N.Y. Oct. 24, 2012) (Court "granted Plaintiff's request to file the Complaint under seal . . . so that Plaintiff could obtain certain *ex parte* remedies as provided by the Lanham Act without providing the defendants, alleged to be counterfeiters, with an opportunity to destroy any infringing goods or abscond with any ill-gotten profits"); *Lorillard Tobacco Co. v. Amana Oil, Inc.*, No. 10-13296, 2011 WL 2669466, at *2 (E.D. Mich. July 7, 2011) (court temporarily sealed documents related to *ex parte* seizure of counterfeit cigarettes); *Sony Computer Entm't Am., Inc. v. Gamemasters*, 87 F. Supp. 2d 976, 978 (N.D. Cal. 1999) (court sealed motion papers related to request for TRO

and seizure of counterfeit goods); *Universal City Studios, Inc. v. Ahmed*, No. CIV. A. 93-3266, 1993 WL 429099, at *1 (E.D. Pa. Oct. 20, 1993) (explaining that case file was sealed "to preserve secrecy while the plaintiffs recovered the counterfeit" goods). Plaintiff still has a strong interest in preventing Defendants from discovering the existence of the suit. The Court has entered a TRO to restrain assets held by the Defendants in various financial accounts but the assets have yet to be restrained. *See* Declaration of Monica Talley (the "Talley Decl.") at ¶ 5. To unseal the filings in this case now would likely lead to Defendants receiving notice that their assets are at risk and they will have an incentive to move them beyond the jurisdiction of this and other U.S. courts before they can be restrained. *See Id.* at ¶ 6. Plaintiff will suffer irreparable harm if Defendants are able to transfer their assets in this manner.

Accordingly, Plaintiff submits that maintaining the filings under seal is still necessary until the assets subject to the TRO have been restrained. Once restrained, Plaintiff intends to immediately move for the Court to unseal the filings in this case and to proceed under its true identity from then on.

Date: July 14, 2023

Respectfully submitted,

/s/ Monica Riva Talley
Monica Riva Talley (VSB No. 41840)
Nicholas J. Nowak (*pro hac vice*)
STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.
1100 New York Ave., NW
Washington, DC 20005
Telephone No.: (202) 371-2600
Facsimile No.: (202) 371-2540
mtalley@sternekessler.com
nnowak@sternekessler.com

*Attorneys for Plaintiff XYZ Corporation*

3