## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | |
|---|---|
| XYZ CORPORATION,         ) | |
| )  | |
| *Plaintiff*,             ) | |
| )  | Case No. 1:23-cv-00673 (PTG/JFA) |
| v.                       ) | |
| )  | |
| THE UNINCORPORATED ASSOCIATIONS ) | |
| IDENTIFIED IN SCHEDULE A,      ) | |
| )  | |
| *Defendants*.            ) | |

### ORDER

This matter comes before the Court on Plaintiff's *Ex Parte* Motion to Extend the Temporary Restraining Order ("Motion"). Dkt. 59. On June 8, 2023, the Court granted Plaintiff's first *Ex Parte* Motion for Temporary Asset Restraint and Expedited Discovery (Dkt. 28). Dkt. 43. On June 22, 2023, Plaintiff filed an *Ex Parte* Motion to Extend the Temporary Restraining Order ("TRO"). Dkt. 45. On the same day, the Court granted Plaintiff's Motion and extended the TRO by fourteen (14) days, until Thursday, July 6, 2023. Dkt. 50. On June 30, 2023, Plaintiff filed an *Ex Parte* Motion to Modify the TRO. Dkt. 51. On July 3, 2023, the Court granted Plaintiff's *Ex Parte* Motion to Modify the TRO in part. Dkt. 56. The Court's Order on July 3, 2023 specifically noted that Plaintiff's TRO would expire on Thursday, July 6, 2023. *Id.* at 2.

Plaintiff filed a second Motion to Extend the TRO on July 6, 2023 after the close of business, seeking a two-week extension of the TRO that was scheduled to expire on July 6, 2023. Dkt. 59. On July 7, 2023, the Court directed Plaintiff to file a supplemental brief explaining the Court's authority to extend a TRO that has already expired. Dkt. 64. On July 11 and 12, 2023, Plaintiff filed two briefs in support of the second Motion to Extend the TRO. Dkts. 65, 69.

Federal Rule of Civil Procedure 65(b)(2) states that a TRO "may be extended provided a party can show, *prior to expiration of the order*, good cause for such an extension." Fed. R. Civ. P. 65(b)(2) (emphasis added). As stated, Plaintiff filed the second Motion to Extend after the close of business on July 6, 2023. Thus, the TRO had already expired at the time that Plaintiff moved the Court for a second extension. Neither of Plaintiff's briefs contain any authority regarding the Court's ability to extend a TRO that has already expired. Dkts. 65, 69. Therefore, upon consideration of Plaintiff's Motion and for lack of good cause shown, it is hereby

**ORDERED** that Plaintiff's *Ex Parte* Motion to Extend the TRO (Dkt. 59) is **DENIED**.

Entered this 25th day of July, 2023.
Alexandria, Virginia

Patricia Tolliver Giles
United States District Judge