IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexanderia Division

BTL INDUSTRIES, INC.,

    Plaintiff,

v.                                                                                    Civil Action No. 1:23-cv-00673-PTG-JFA

THE UNINCORPORATED ASSOCIATIONS
INDENTIFIED IN SCHEDULE A,

    Defendants.

_____/

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION TO SET ASIDE THE CLERK'S ENTRY OF DEFAULT**

Defendants Kennady Beauty Machine Factory Store (182), LX High-end Beauty Machine Overseas Flagship Store (388), Viv Beauty Store (223), BodyfulBeauty Store (240), YINAIMEI Professional Beauty Equipment Store (229), Gorgeous Body Professional Beauty Equipment Store (368), LightBeauty Store (385), Fishbeauty Store (362), SuoFeiYaBeauty Store (294), YaSiLi beauty Store (228), Karina Beauty Store (180), CLOVELY Beauty Store (135), First Frost Store (361), Very Beauty Store (433), JaneEyre Beauty Store (179), YesCome Beauty Store (301), you my love Store (303), Your Laser Factory Store (443), Super Beauty Store (425), BaiFenBai Beauty Store (315), zane zane beauty Store (233), Ting mei beauty Store (296), Big Big Beauty Store (127), Hen meili Store (171), Best Laser Factory Store (125), ShineflyBeauty Store (208), SakulaBeauty Store (409), SunFayBeauty Equipment Store (293), YeonHee Beauty Store (441), MuuaBeauty Store (191), MarvelouslyBeauty Store (188), ExquisiteBeauty Store (252), and Daisy Beauty Store (138)(collectively the "33 Defendant Stores), respectfully submit this Memorandum of Law in Support of their Motion to Set Aside the Clerk's Entry of Default.

For the below reasons, the 33 Defendant Stores submit there's good cause for this Honorable Court to grant the relief sought by them.

## I. Factual and Procedural Background

1. BTL Industries ("BTL") filed their Complaint and Motion for a Temporary Restraining Order ("TRO") in this action on or about May 23, 2023.

2. The TRO was granted on June 8, 2023, and was extended to July 6, 2023.

3. A request to further extend the TRO was denied on July 25, 2023.

4. Three stores in this action contacted Intelink Law on or around August 29, 2023, to prepare a letter to AliExpress to unfreeze assets that remained frozen after the TRO expired on July 6, 2023.

5. Plaintiff filed for a Preliminary Injunction on September 7, 2023, and a hearing on the Motion for Preliminary Injunction (PI) was scheduled for September 28, 2023.

6. Defendants were served with the Complaint and Summons on or about September 8, 2023, making the responsive pleadings thereto due on September 29, 2023.

7. The remaining 30 defendant stores retained Intelink Law on or about September 19, 2023, for representation in this action.

8. On September 27, 2023, my colleague Ning Zhang and counsel for the 33 Stores, Ben Stolter, spoke on the phone with Plaintiff's counsel Nick Nowak regarding a possible settlement. During the call we informed Mr. Nowak that we would be filing a motion challenging the PI. Mr. Nowak requested that we file a Joint Stipulation for Continuance of the Hearing on the Preliminary Injunction so Plaintiff would have an opportunity to respond to our motion. We agreed to the Joint Stipulation for Continuance of the Hearing on the Preliminary Injunction and Mr. Nowak filed the Stipulation that day.

9. On September 28, 2023, Plaintiff's counsel and Defendants' counsel appeared at the Preliminary Injunction Hearing and agreed to Continuance of the Hearing. While at this Hearing, Attorney Stolter intended to ask the Court for an Extension to reply to the Complaint, but he inadvertently failed to do so.

10. The Court permitted these Defendants to file an opposition by October 12, 2023, with reply to be filed by October 19, 2023, and the hearing reset for October 26, 2023.

11. On September 29, 2023, these Defendants' response to the Complaint was due. Due to his focus on the Preliminary Injunction, he inadvertently did not respond to the Complaint.

12. On October 4, 2023, Plaintiff's counsel filed a Request for Entry of Default as to Defendants. In the request Plaintiff included a list of Defendants that "have contacted Plaintiff regarding an extension to respond to Plaintiff's Complaint," and did not include those Defendants in the list of Defendants that Plaintiff sought a default judgment against.

13. The 33 Defendant Stores were included in the list of Defendants that Plaintiff was requesting a default judgment against.

14. On October 5, 2023, Defendant's counsel was emailed a notice of the Request for Entry of Default as to Defendants. To my knowledge, the email included all of Plaintiff's attorneys. I responded to the email that day and requested that Plaintiff's counsel notify the Court that our clients should not be included in the default judgment given that we had discussed settlement during the call on September 27, 2023. (*See* Exhibit 1).

15. On October 6, 2023, I had not received a response from Plaintiff's counsel, so I sent a follow-up email and called Mr. Nowak, who did not answer. (Email attached herein as Exhibit 2).

16. After not receiving a call or email back from Plaintiff's counsel I began working with local

3

counsel to prepare a Request for Extension of Time to File Responsive Pleadings. While preparing the Request we received an email notification of the Entry of Default by the Clerk.

17. On October 7, 2023, Mr. Nowak responded to my prior emails and explained that his client is not willing to withdraw or otherwise seek to amend the Request for Clerk's Entry of Default. (*See* Exhibit 3).

## II. The Court Has The Discretion To Grant The Relief Sought By These Defendants.

Clearly, this Court has the discretion to grant the relief sought by these Defendants. The facts of this case, and fundamental principles of fairness, suggest that the Court should exercise its discretion in the present circumstance. A court "may set aside an entry of default for good cause." Fed.R.Civ.P. 55(c). When determining whether there is good cause to set aside an entry of default, "a court considers the following factors: 'whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the [nonmoving] party, whether there is a history of dilatory action, and the availability of sanctions less drastic." *Saunders v. Metro. Prop. Mgmt.*, 806 Fed. App'x 165, 168 (4th Cir. 2020) (quoting *Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204-05 (4th Cir. 2006)).

"The Fourth Circuit has long held that "Rule 55(c) motions must be 'liberally construed in order to provide relief from the onerous consequences of defaults and default judgments.' " *Dongguan Jianqun Co. v. Consol. Shoe Co.,* 6:21-cv-00048, at *4 (W.D. Va. Feb. 10, 2023) (quoting *Colleton Prep. Acad., Inc. v. Hoover Univ., Inc.*, 616 F.3d 413, 421 (4th Cir. 2010))

### A. These Defendants Have Meritorious Defenses

"In the context of a defendant's motion to set aside the entry of default or default judgment, a meritorious defense will be established if the defendant proffers evidence that, if believed, would

4

permit the court to find for the prevailing party." *Belvac Prod. Mach., Inc. v. Standard Indus. Prods. Co.*, No. 6:06-cv-00034, 2007 WL 1189644, at *2 (W.D. Va. Apr. 23, 2007). The defendant bears a minimal burden. *Id*. The 33 Defendant Stores set out several defenses. Specifically, there was no infringement of the Plaintiff's patents or trademarks, and the Court does not have jurisdiction in this case.

   1. **No Direct Infringement of the Patents by the 33 Defendant Stores**

Plaintiff alleges infringement of U.S. Patent No. 10,478,634 (the "634 patent") and U.S. Patent No. 10,821,295 (the "'295 Patent"). Dkts. 17-18. However, all the claims for both '295 and '634 are method claims that include applying a device to a patient. *Id*. The Federal Circuit has held that "a party that sells an apparatus capable of performing a patented method is generally not liable for direct infringement if that infringing act comes to pass." *Koninklijke Philips N.V. v. Zoll Med. Corp*., 656 F. App'x 504, 521 (Fed. Cir. 2016) (citing *Moba, B.V. v. Diamond Automation*, 325 F.3d 1306, 1313 (Fed. Cir. 2003)). "In fact, none of our decisions have found direct infringement of a method claim by sales of an end user product which performs the entire method, and we decline to do so here." *Koninklijke Philips N.V. v. Zoll Med. Corp.,* 656 F. App'x 504, footnote 29 (Fed. Cir. 2016). The narrow exception to this is when "more than one actor is involved in practicing the steps." *Akamai Techs., Inc. v. Limelight Networks, Inc*., 797 F.3d 1020, 1022 (Fed. Cir. 2015). In that situation "an actor is liable for infringement under § 271(a) if it acts through an agent (applying traditional agency principles) or contracts with another to perform one or more steps of a claimed method" and "liability under § 271(a) can also be found when an alleged infringer conditions participation in an activity or receipt of a benefit upon performance of a step or steps of a patented method and establishes the manner or timing of that performance." *Akamai Techs., Inc. v. Limelight Networks, Inc*. 797 F.3d 1020, 1022 (Fed. Cir. 2015).

5

In this case the 33 Defendant Stores are all online stores that operate in China. Plaintiff has not alleged, nor is it plausible that any of the 33 Defendant Stores performed each of the method claims in the United States. Nor is at alleged or plausible that the 33 Defendant Stores performed some of the steps and any US customers are "agents" of the 33 Defendant Stores, or that the 33 Defendant Stores "contracts with another to perform one or more steps of a claimed method," or established the "manner or timing of" performance of the method steps. Therefore, there is no direct infringement of the '295 patent or the '634 patent by the 33 Defendant Stores in this case.

2. **No Induced Infringement of the Patents by the 33 Defendant Stores**

" 'Whoever actively induces infringement of a patent shall be liable as an infringer.' 35 U.S.C. § 271(b). To state a claim for induced infringement, a plaintiff must allege 1) knowledge of the patent, 2) specific intent that another party infringe the patent, and 3) knowledge that the induced acts constitute infringement." *Panduit Corp. v. Corning Inc.*, No. 5:18-CV-229-FL, at *10-11 (E.D.N.C. Jan. 14, 2019). (Citing *Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1926 (2015); *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1355 (Fed. Cir. 2018). "Like induced infringement, contributory infringement requires knowledge of the patent in suit and knowledge of patent infringement." *Commil USA, LLC v. Cisco Sys., Inc.,* 135 S. Ct. 1920, 1926 (2015).

The 33 Defendant Stores are online sellers of products, not manufacturers of those products. All independent claims in the '295 patent and the '634 patent are all method claims that include features that would not be knowable by looking at the device and could only be determined by examination by an engineer. Specifically, claim 1 of '295 includes "applying a magnetic fluence of 50 T cm2 to 1,500 T cm2 to the body region", claim 9 includes "generating coils each having an inductance in a range of 1 nH to 50 mH," claim 16 includes a "magnetic field with a magnetic flux density in a range of 0.1 Tesla to 7 Tesla," and claim 23 includes "charging at least one energy

storage device having a capacitance in a range of 5 nF to 100 mF." For '634 claim 1 includes "applying the time-varying magnetic field having a repetition rate in a range of 1 Hz to 300 Hz and a magnetic flux density in a range of 0.1 T and 7 T," claim 8 includes "flux density in a range of 0.1 T to 7 T, a repetition rate in a range of 1 Hz to 300 Hz," claim 15 includes "a maximal value of a magnetic flux density derivative in a range of 300 T/s to 800 kT/s, and a repetition rate in a range of 1 Hz to 300 Hz," and claim 23 includes a "time-varying magnetic field having a repetition rate in a range of 1 Hz to 300 Hz and a magnetic flux density in a range 0.1 T to 7 T." Dkts. 17-18.

Even if the 33 Defendant Stores were aware of the '295 patent and the '634 patent prior to being served notice, it is simply unreasonable to believe that they would have "knowledge of patent infringement" as required by the Supreme Court. *Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1926 (2015). The 33 Defendant Stores sell a wide range of products and imputing such detailed knowledge of the functionality of a specific product is unrealistic. Without any knowledge of patent infringement of their products the 33 Defendant Stores are not liable for induced infringement.

3. **No Likelihood of Success on the Merits for Trademark Infringement, Trademark Counterfeiting, and False Designation of Origin**

For trademark infringement, trademark counterfeiting, and false designation for origin Plaintiff must establish a likelihood of confusion. "A likelihood of confusion exists 'if the defendant's actual practice is likely to produce confusion in the minds of consumers about the origin of the goods or services in question." *George & Co.*, 575 F.3d at 393 (quoting *CareFirst of Md., Inc v. First Care, P.C.*, 434 F.3d 263, 267 (4th Cir. 2006)).

The Fourth Circuit has put forth the following nine factors for courts to consider in determining whether there is a likelihood of confusion:

7

(1) the strength and distinctiveness of the plaintiff's mark as actually used in the marketplace; (2) the similarity of the two marks to consumers; (3) the similarity of the goods or services that the marks identify; (4) the similarity of the facilities used by the markholders; (5) the similarity of advertising used by the markholders; (6) the defendant's intent; (7) actual confusion; (8) the quality of the defendant's product; and (9) the sophistication of the consuming public. *Rosetta Stone*, 676 F.3d at 153.

"Not all of these factors are of equal importance, 'nor are they always relevant in any given case.'" *George & Co.*, 575 F.3d at 393 (quoting *Anhueser-Busch, Inc. v. L&L Wings, Inc.*, 962 F.2d 316, 320 (4th Cir. 1992)). Some of these factors require additional discovery and expert witnesses, but the most important factor, the strength of the mark, can be addressed at this time and favors a finding of no likelihood of confusion.

"The strength of a mark is the degree to which a consumer in the relevant population, upon encountering the mark, would associate the mark with a unique source." *First Care*, 434 F.3d at 269. This first Rosetta Stone factor "is 'paramount' in determining the likelihood of confusion." *Grayson O Co. v. Agadir Int'l* LLC, 856 F.3d 307, 314 (4th Cir. 2017) (quoting *Pizzeria Uno Corp. v. Temple*, 747 F.2d 1522, 1527 (4th Cir. 1984)).

"A mark's conceptual strength is determined in part by its placement into one of four categories of distinctiveness: (1) generic; (2) descriptive; (3) suggestive; or (4) arbitrary or fanciful." *George & Co. LLC v. Imagination Entm't Ltd.*, 575 F.3d at 394. Descriptive marks describe a function of the goods or services and are not allowed trademark protection unless they have acquired secondary meaning. *Id*. "An abbreviation of a descriptive term which still conveys to the buyer the descriptive connotation of the original term will still be held to be descriptive."

*George & Co.*, 575 F.3d at 394 (quoting Thomas McCarthy, *McCarthy On Trademarks and Unfair Competition*. § 11:32 (collecting cases); see also id. § 7:11 ("If a series of letters is merely a recognizable abbreviation for a descriptive or generic term, the abbreviation is also classified as descriptive or generic.")

In this case plaintiff is asserting the trademarks EMSCULPT, EMSCULPT NEO, EMTONE, EMFACE, HIFEM, BTL and EM (word mark and logo mark). *See* Compl. ¶¶ 5-11. All the marks besides BTL use EM as the trademark or part of the trademark.  EM, however, is simply an abbreviation of the word electromagnetic. *See Wikipedia, Electromagnetic Field,* https://en.wikipedia.org/wiki/Electromagnetic_field, (last visited October 8, 2023). As described in Plaintiff's patents and Plaintiff's product works using electromagnetic fields. *See* U.S. Patent No. 10,478,634 and U.S. Patent. No. 10,821,295. Furthermore, EMS is the abbreviation of electrical muscle stimulation.  *See Wikipedia, Electrical Muscle Stimulation,* https://en.wikipedia.org/wiki/Electrical_muscle_stimulation, (last visited October 8, 2023). Since EM is an abbreviation of a generic or descriptive term, EM is a generic or descriptive trademark. Similarly, since EMS is an abbreviation of a generic or descriptive term, the EMS portion of the trademark is generic or descriptive.

Although it is not possible to address the likelihood of confusion for all the marks used by the 33 Defendant Stores at this time, most of the stores used the marks EMSzero or EMSlim.  Since the portions of Plaintiff's trademark that overlap with the 33 Defendant Stores marks are a generic or descriptive term the 33 Defendant Stores believe they have a defense to Plaintiff's claim of trademark infringement.

4. **These Defendants Are Not Subject To Jurisdiction In This Honorable Court**

"Courts can exercise personal jurisdiction over a defendant only if '(1) such jurisdiction is

authorized by the long-arm statute of the state in which the district court sits; and (2) application of the relevant long-arm statute is consistent with the Due Process Clause.' *Thousand Oaks Barrel Co. v. Deep S. Barrels LLC*, 241 F. Supp. 3d 708 (E.D. Va. 2017) (quoting *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 396 (4th Cir. 2003)). Put differently, the long-arm statute must reach defendant's conduct, and that reach must not exceed the statute's constitutional grasp. *Rannoch, Inc. v. Rannoch Corp.*, 52 F.Supp.2d 681, 684 (E.D. Va. 1999).

To satisfy the Due Process Clause nonresident defendant to have "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945) (internal quotation marks omitted). The "minimum contacts" requirement can be satisfied by showing that specific jurisdiction exists over defendants, which requires a showing that the "defendant's qualifying contacts with the forum state also constitute the basis for the suit." *Universal Leather, LLC v. Koro AR, S.A.*, 773 F.3d 553, 558 (4th Cir. 2014). Whether a nonresident defendant's contacts with the forum state qualify for specific jurisdiction depends on the "extent to which the defendant purposefully availed itself of the privilege of conducting activities in the forum state, whether plaintiff's claims arise out of defendant's forum activities, and whether the exercise of personal jurisdiction is constitutionally reasonable." *Id*.

Based on my understanding and belief the 33 Defendant Stores have never made a sale to a resident of Virginia. Without sales in Virigina the 33 Defendant Stores lack "minimum contacts" with the state of Virginia and the Court has no jurisdiction over the 33 Defendant Stores.

### B. These Defendants Moved Promptly

Notice of the Entry of Default by the Clerk was sent on Friday October 6, 2023. Whether a moving party is prompt is case specific, but the Fourth Circuit and courts within the Circuit have

found that moving parties were reasonably prompt after some significant delays. *Parks v. Discount Box and Pallet, Inc.*, No. 5:12-cv-081, 2013 WL 662951, at *6 (W.D. Va. Feb. 22, 2013) (citing *Lolatchy v. Arthur Murray, Inc.,* 816 F.2d 951, 952–54 (4th Cir. 1987) (moving party delayed ten months before filing motion to set aside default); *Vick v. Wong*, 263 F.R.D. 325, 330 (E.D. Va. 2009) (moving party did not act for more than two months after default was entered but responded to motion for entry of default judgment within a few weeks); *Wainwright's Vacations, LLC v. Pan Am. Airways Corp.*, 130 F. Supp. 2d 712, 717 (D. Md. 2001) (moving party did not move to vacate default until over a month after default was entered)). Therefore, this factor favors granting this motion.

### C. Personal Responsibility of Defaulting Party

Counsel has been responsible for communications with the Court and was responsible for filing the Answer since being retained by the 33 Defendant Stores. Counsel's failure to respond in a timely manner to the Complaint is the responsibility of counsel and not the 33 Defendant Stores. Rather, the default was the result of counsel's mistake due to a preoccupation to challenging the Preliminary Injunction. "[J]ustice demands that a blameless party not be disadvantaged by the errors or neglect of his attorney." *United States v. Moradi*, 673 F.2d 725, 728 (4th Cir. 1982). The lack of responsibility of the 33 Defendant Stores for the delay favors granting this motion.

### D. Prejudice to the Plaintiff

"In the context of a motion to set aside an entry of default…delay in and of itself does not constitute prejudice to the opposing party." *Payton v. Guallart* Case No. 3:22-cv-00042 U.S. Dist. Lexis 200383 (citing *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc*., 616 F.3d 413, 418 (4th Cir. 2010)). To determine if the non-defaulting party was prejudiced, courts examine whether the delay caused by the default: (1) made it impossible for the non-defaulting party to

11

present some of its evidence; (2) made it more difficult for the non-defaulting party to proceed with trial; (3) hampered the non-defaulting party's ability to complete discovery; and (4) was used by the defaulting party to collude or commit fraud. *Mullinex v. John Crane* 2022 U.S. Dist. Lexis at 11. (Vacating default on October 24, 2022, and finding that non-defaulting party was not prejudiced when trial was scheduled for November 1, 2022).

Not all the defendants in this case were included in the Clerk's Entry of Default. Since the proceedings are set to continue without the 33 Defendant Stores, the delay by the 33 Defendant Stores would not make it impossible for the Plaintiff to present evidence or proceed with trial. To my knowledge and belief Plaintiff has not yet served discovery requests on the 33 Defendant Stores. Since discovery requests have yet to be served the Plaintiff's ability to complete discovery has not been hampered. Therefore, this factor also favors granting this motion.

### E. History of Dilatory Action

This factor considers whether the defaulting party has engaged in tactics to abuse the rules of procedure to delay legal proceedings. In this case the 33 Defendant Stores were not served the Complaint and Summons on or about September 8, 2023, while their accounts have been frozen since August 10, 2023. Although it took some time to acquire the funds for defending themselves with their accounts frozen the 33 Defendant Stores were able to obtain counsel prior to the Preliminary Injunction Hearing. Since there is no history of dilatory action, this factor weighs against entry of default.

### F. Availability of Sanctions Less Drastic

There are clearly less drastic and more appropriate sanctions than entering default. In vacating entry of default, the Court may "impose other sanctions against the offending attorney, such as awarding the non-movant's costs and attorney's fees." *Augusta Fiberglass Coatings Inc.*

*v. Fodor Contracting Corp.* 843 F.2d 808, 811, (1988) U.S. App. Lexis 4386. See also *Saunders v. Metro. Prop. Mgmt., Inc.*, 806 F. App'x 165, 168 (4th Cir. 2020) (unpublished) (affirming district court's decision to set aside entry of default while awarding plaintiff's attorney's fees). Since there are more appropriate sanctions available than default, this factor weighs against entry of default judgment.

Based on the above, Defendant Stores Kennady Beauty Machine Factory Store (182), LX High-end Beauty Machine Overseas Flagship Store (388), Viv Beauty Store (223), BodyfulBeauty Store (240), YINAIMEI Professional Beauty Equipment Store (229), Gorgeous Body Professional Beauty Equipment Store (368), LightBeauty Store (385), Fishbeauty Store (362), SuoFeiYaBeauty Store (294), YaSiLi beauty Store (228), Karina Beauty Store (180), CLOVELY Beauty Store (135), First Frost Store (361), Very Beauty Store (433), JaneEyre Beauty Store (179), YesCome Beauty Store (301), you my love Store (303), Your Laser Factory Store (443), Super Beauty Store (425), BaiFenBai Beauty Store (315), zane zane beauty Store (233), Ting mei beauty Store (296), Big Big Beauty Store (127), Hen meili Store (171), Best Laser Factory Store (125), ShineflyBeauty Store (208), SakulaBeauty Store (409), SunFayBeauty Equipment Store (293), YeonHee Beauty Store (441), MuuaBeauty Store (191), MarvelouslyBeauty Store (188), ExquisiteBeauty Store (252), and Daisy Beauty Store (138) request the court set aside the Clerk's entry of default.

DATED: October 12, 2023

Respectfully submitted,

Defendants Kennady Beauty Machine Factory Store (182), LX High-end Beauty Machine Overseas Flagship Store (388), Viv Beauty Store (223), BodyfulBeauty Store (240), YINAIMEI Professional Beauty Equipment Store (229), Gorgeous Body

Professional Beauty Equipment Store (368), LightBeauty Store (385), Fishbeauty Store (362), SuoFeiYaBeauty Store (294), YaSiLi beauty Store (228), Karina Beauty Store (180), CLOVELY Beauty Store (135), First Frost Store (361), Very Beauty Store (433), JaneEyre Beauty Store (179), YesCome Beauty Store (301), you my love Store (303), Your Laser Factory Store (443), Super Beauty Store (425), BaiFenBai Beauty Store (315), zane zane beauty Store (233), Ting mei beauty Store (296), Big Big Beauty Store (127), Hen meili Store (171), Best Laser Factory Store (125), ShineflyBeauty Store (208), SakulaBeauty Store (409), SunFayBeauty Equipment Store (293), YeonHee Beauty Store (441), MuuaBeauty Store (191), MarvelouslyBeauty Store (188), ExquisiteBeauty Store (252), and Daisy Beauty Store (138)

By Counsel,

_____/s/_____
Brian K. Telfair, Esq. (VSB Bar No. 40516)
brian@thetelfairlawfirm.com
THE TELFAIR LAW FIRM, LLC
3280 Brook Rd, Ste. 304
Richmond, VA 23227
804-339-0556 (Telephone)
804-597-2364 (Facsimile)

Benjamin B. Sholter, Esq.
(*Admitted Pro Hac Vice*)
bsolter@intelinklaw.com
INTELINK LAW GROUP, PC
421 Huron St., Unit 801
Chicago, IL 60654
(866) 786-4035 (Phone)
(415) 688-2760 (Facsimile)

**CERTIFICATE OF SERVICE**

I hereby certify that on 12th day of October, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and will send notification of such filing to the following in the manner indicated:

Nicholas J. Nowak, Esq.
nnowak@sternkessler.com
STERN, KESSLER, GOLDSTEIN & FOX PLLC
1100 New York Avenue NW
Washington, D.C. 20005
(202) 371-2600 (Phone)
(202) 371-2540 (Facsimile)
Counsel for Plaintiff

Monica R. Talley, Esq.
STERN, KESSLER, GOLDSTEIN & FOX PLLC
1101 K St., NW
10th Floor
Washington, D.C. 20005
(202) 371-2600 (Phone)
(202) 371-2540 (Facsimile)
Counsel for Plaintiff

_____/s/_____
Brian K. Telfair, Esq. (VSB Bar No. 40516)
brian@thetelfairlawfirm.com
THE TELFAIR LAW FIRM, LLC
3280 Brook Rd, Ste. 304
Richmond, VA 23227
804-339-0556 (Telephone)
804-597-2364 (Facsimile)